GEORGE M. CASTER V. JOHN F. SCHEUNEMAN.

FILED JUNE 22, 1905.  No. 13,856.

Justice's Court: APPEAL: UNDERTAKING. In order to confer jurisdiction upon a district court upon appeal from a judgment of a justice of the peace, the justice's docket must show affirmatively not only that an undertaking such as the law requires was executed within the prescribed time, but that it was delivered to the justice to be entered upon his records.

ERROR to the district court for Franklin county:  ED L. ADAMS, JUDGE.  *Reversed with directions.*

*A. H. Byrum* and *George M. Caster,* for plaintiff in error.

*J. P. A. Black, H. Whitmore* and *H. W. Short, contra.*

AMES, C.

This action was begun in replevin in a justice's court, where there was a trial which resulted, on the 9th day of July, 1903, in a judgment for the plaintiff. An attempted appeal was docketed in the district court, accompanied by a certified transcript of the justice's docket, containing the following recitals:

"On this 15th day of July, 1903, at the town of Franklin, Franklin county, Nebraska, H. Whitmore and H. W. Short, attorneys for defendant, presented to me an appeal undertaking which I, supposing it would be left with me and in my custody, then and there approved and placed upon it my filing mark. Said attorneys then and there took the said undertaking and refused upon my demand to permit me to take it and place it on my docket and keep it with the other files in this case. Said attorneys demanded of me a transcript of the proceedings had before me in this case, which I have refused at this

time because I do not consider that the defendant has furnished and filed with me the necessary undertaking as required by law.     N. GLICK, *Justice of the Peace.*"

"July 29, 1903. On this day H. Whitmore, attorney for defendant, came before me and made a tender of $2 and demanded a transcript of the proceedings in this case, said Whitmore agreeing that he would pay any legal fee for making a transcript in excess of $2 now tendered. I refused to accept the tender and agreement of said Whitmore and to make out the transcript, because I did not consider that the defendant had furnished to the plaintiff the undertaking in the time and manner required by law.
"N. GLICK, *Justice of the Peace.*"

"July 31, 1903. On this day at the town of Franklin, H. Whitmore handed me the following undertaking, which I disapproved of, but, at the request of said Whitmore, brought with me to Riverton to copy on my docket. Which undertaking was copied by me and returned forthwith to said Whitmore."

Here follows what purports to be a copy of an appeal undertaking, bearing date of July 9, and answering to the description given in the first of the above copied recitals, and an additional indorsement as follows: "Handed me at Franklin and disapproved July 31, 1903, copied on my docket and returned to H. Whitmore attorney for defendant."

The plaintiff appeared specially, and objected to the jurisdiction of the court, and moved to dismiss the appeal because of the absence of an appeal undertaking; but the objection and motion were both overruled, and the parties were ordered to plead, which they did, and the cause proceeded to trial and judgment in favor of the defendant, from which the plaintiff prosecutes error to this court.

There are several assignments of errors alleged to have occurred at the trial, none of which we shall consider, be-

cause, in our opinion, it is properly assigned that the court erred in overruling the objection to its jurisdiction and the motion to dismiss the appeal. The transcript recites that affidavits were filed both in support of and in opposition to them, but a supposed bill of exceptions authenticating the affidavits was not made until nearly six months after the date of the adjournment of the term at which the case was finally disposed of, so that they are not worthy of consideration; and if in any event the justice's transcript can be impeached in the manner attempted, that document must in this instance be treated as importing verity.

Section 1086 of the code requires that every justice of the peace must keep a docket upon which certain entries of proceedings before him shall be made—among others: "Thirteenth. If appeal be taken, the undertaking and the time of entering into the same, and by which party taken," and section 1087, that, with certain exceptions, "the several particulars in the last section specified must be entered under the title of the action to which they relate, and at the time when they occurred," and shall be evidence, when certified by the justice, to prove the facts stated therein. Section 1007 requires an undertaking in appeal to be entered into within ten days from the rendition of the judgment appealed from. It is quite clear, therefore, that, in order to confer jurisdiction upon the district court, the justice's docket must show affirmatively not only that an undertaking such as the law requires was executed within the time prescribed, but that it was delivered to him to be entered upon his records. This transcript not only omits this essential feature, but recites affirmatively that the required step was not taken. Whether the recital is of greater weight or significance than the omission it is not necessary now to decide. It is sufficient to say that the absence of a jurisdictional record cannot be supplied by presumption or parol. Neither is it necessary to decide what would have been the defendant's remedy or procedure if he had seasonably tendered a proper under-

taking, and the justice had refused to accept it. Such a state of affairs is not only not disclosed by the record, but if the justice's recital of what occurred at a distance of many miles from his office, and outside the precinct or township for which he was elected, is to be considered at all, which we doubt, it tends to prove the exact contrary. The conduct of defendant's attorney, as related by the transcript, had the necessary effect, if it was not expressly designed, to defeat the clearly expressed intent of the statute, viz., that within ten days after the rendition of the judgment the undertaking in appeal shall be delivered finally into the custody of the justice, and entered upon his docket, so that a copy thereof may be included in his transcript to be transmitted to the clerk of the district court within twenty days thereafter.

We recommend that the judgment of the district court be reversed and the cause remanded, with instructions to dismiss the appeal.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to dismiss the appeal.

REVERSED.